1

2

3

4

5

6

7

8

9          UNITED STATES DISTRICT COURT

10         EASTERN DISTRICT OF CALIFORNIA

11

12  CHESTER MARK SOMERA,                    No.  2:14-cv-01424-GEB-AC

13              Plaintiff,

14       v.                                 **ORDER GRANTING THE COUNTY AND
                                            STATE DEFENDANTS' MOTIONS TO**
15  COUNTY OF SAN JOAQUIN; SAN              **DISMISS**
    JOAQUIN COUNTY SHERIFF'S
16  DEPARTMENT; CALIFORNIA
    HIGHWAY PATROL; SAN JOAQUIN
17  COUNTY GENERAL HOSPITAL;
    DEPUTY MICHAEL ARREOLA;
18  DEPUTY STIEHR; DEPUTY CHRIS
    TUNQUIST; SHERIFF'S SERGEANT
19  STONE; SHERIFF'S SERGEANT
    PURKIS; THE STATE OF
20  CALIFORNIA; CHP OFFICER BRENT
    MANGHAM; CHP OFFICER MARK
21  BUTLER; JANET LEE BARTON, and
    DOES 1 through 100 inclusive,
22
                Defendants.
23

24
    ─────────────────────────────

25       Pending are dismissal motions, filed under Federal Rule of

26  Civil  Procedure  ("Rule")  12(b)(6),  by  the  following  parties:

27  Defendants  County  of  San  Joaquin  ("San  Joaquin  County"),  San

28  Joaquin County Sheriff's Department ("Sheriff's Department"), San

                                    1

1   Joaquin County General Hospital ("San Joaquin Hospital"), Deputy

2   Michael Arreola, Deputy Christopher Stiehr, Deputy Christopher

3   Tunquist, Sergeant Nilida Stone, Sergeant Claude Purkis, San

4   Joaquin County General Hospital nurse Janet Lee Barton, R.N.,

5   (collectively "the County Defendants"); and the State of

6   California, California Highway Patrol ("CHP"), Brent Mangham and

7   Mark Butler (collectively "the State Defendants").

8          Plaintiff alleges in his Complaint ("Compl.") that he

9   was subjected to the use of "excessive, cruel and unusual" force

10  "in violation of the Fourth and Eight[h] Amendments to the United

11  States Constitution", and related state claims.

12                    **I.   FACTUAL ALLEGATIONS**

13         The following allegations in the Complaint concern the

14  motions. Plaintiff alleges he was "arrested and detained by

15  defendant law enforcement agencies," during which he was

16  "shackled on both his hands and feet." (Notice of Removal, Ex. A

17  ("Compl.") ¶¶ 10-11, ECF No. 1.) Plaintiff also alleges he "fell

18  to the ground," and "was assaulted by defendant officers with the

19  use of a taser." (Id. ¶¶ 12-13.) Plaintiff alleges the officers

20  then took him to a hospital where the nurses "obtained a blood

21  sample without Plaintiff's consent" and the officers directed the

22  nursing staff to "forcibly obtain[] [his urine] by . . .

23  inserting a catheter" into Plaintiff's penis while "his legs and

24  arms [were] strapped down to a hospital bed." (Id. ¶¶ 14, 16-17.)

25                     **II.   LEGAL STANDARD**

26         When deciding a Rule 12(b)(6) dismissal motion, the

27  Court determines whether a complaint contains "factual content

28  that allows the court to draw the reasonable inference that the

1  defendant is liable for the misconduct alleged." Ashcroft v.

2  Iqbal, 556 U.S. 662, 678 (2009). The mere possibility of

3  misconduct is not enough. Id. at 678-79. The "inquiry is limited

4  to the [factual] allegations in the [c]omplaint, which are

5  accepted as true and construed in the light most favorable to the

6  plaintiff." Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th

7  Cir. 2008). It is inappropriate to assume a plaintiff "can prove

8  facts that [he] has not alleged or that the defendants have

9  violated the . . . laws in ways that have not been alleged."

10  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council

11  of Carpenters, 459 U.S. 519, 526 (1983).

12  **III.    DISCUSSION**

13  **A.    State Claims**

14  All Defendants argue Plaintiff's state claims must be

15  dismissed because Plaintiff failed to allege in his Complaint

16  that he complied with California's Tort Claims Act ("CTCA"), and

17  this is required before these claims may be included in a

18  lawsuit. Plaintiff concedes in his opposition that he has not

19  alleged compliance with the CTCA and agrees to the requested

20  dismissal. (Pl. Opp'n Cnty. Defs. Mot. Dismiss ("County Opp'n")

21  6:2, ECF No. 13; Pl Opp'n State Defs. Mot Dismiss ("State Opp'n")

22  3:2, ECF No. 14).

23  Therefore, Plaintiff's state claims are dismissed with

24  leave to amend.

25  **B.    Excessive Force Pursuant to 42 U.S.C. § 1983**

26  **1. San Joaquin County**

27  San Joaquin County agues Plaintiff's excessive force

28  claim against it should be dismissed because Plaintiff "failed to

1  make any factual allegation that the County failed to . . . train

2  the [officers] . . . in a way that reflects a deliberate or

3  conscious choice." (County Defendants' Mot. ("County Mot.") 7:27-

4  28, ECF No. 5-1.)

5      Plaintiff counters that the Complaint "clearly gives

6  Defendants proper notice" because the facts alleged "arguably

7  demonstrate the officers' lack of training and experience in

8  gathering evidence and authorizing the forcible collection of

9  urine from suspects." (County Opp'n 3:12-14, 4:21-26.)

10      "[T]he inadequacy of [law enforcement officers']

11  training may serve as the basis for [a county's] liability only

12  where the failure to train amounts to deliberate indifference to

13  the rights of persons with whom the [officers] come into

14  contact." City of Canton v. Harris, 489 U.S. 378,  388 (1989)

15  "Under this standard, [Plaintiff] must allege facts to show that

16  the County . . . disregarded the known or obvious consequence

17  that a particular omission in [its] training program would cause

18  [municipal] employees to violate citizens' constitutional

19  rights." Flores v. Cnty. of Los Angeles, 758 F.3d 1154, 1159 (9th

20  Cir. 2014). Plaintiff's Complaint does not contain an allegation

21  satisfying this standard. Therefore, the County's motion is

22  granted.

23          **2.   CHP and State of California**

24      The CHP and the State of California each seek dismissal

25  with prejudice of Plaintiff's federal claim alleged under 42

26  U.S.C. § 1983, arguing that the CHP "is an agency of the State of

27  California" and the State of California and its agencies are "not

28  considered a 'person' for [liability] purposes of section

4

1983...." (Defs.' State of Cal. Mot. ("State Mot.") 5:3-8, ECF No. 6.) Plaintiff "concedes this argument as to the State of California and the California Highway Patrol. . . ." (State Opp'n 3:7-8.)

Therefore, the motion is granted without leave to amend.

### 3.   Sheriff's Department and San Joaquin Hospital

The Sheriff's Department and San Joaquin Hospital seek dismissal with prejudice of Plaintiff's § 1983 claims alleged against them arguing the claims "are improper because each is a department of the County. . ., not a person or separate entity" suable under § 1983. (County Defs.' Mot. 13:9-11.) Plaintiff concedes the Sheriff's Department and San Joaquin Hospital are not proper defendants and does not oppose the requested dismissal. (County Opp'n 6:5-9.)

Therefore, the § 1983 claims against the Sheriff's Department and San Joaquin Hospital are dismissed without leave to amend.

### IV.   CONCLUSION

For the reasons stated, Plaintiff's state claims are DISMISSED with leave to amend. Plaintiff's excessive force claim against San Joaquin County is DISMISSED with leave to amend, and Plaintiff's federal claims against the Sheriff's Department, San Joaquin Hospital, CHP and the State of California are DISMISSED without leave to amend.

Plaintiff is granted ten (10) days from the date on which this order is filed to file an amended complaint addressing the deficiencies in any claim that was dismissed with leave to

amend.

Dated:   November 18, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge