1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHESTER MARK SOMERA,                      No.  2:14-cv-01424-KJM-AC

12                    Plaintiff,

13        v.                                   ORDER

14   COUNTY OF SAN JOAQUIN;
     MICHAEL ARREOLA; CHRIS STIEHR;
15   CHRISTUNQUIST; NELIDA STONE;
     JANET LEEBARTON; CLAUDE
16   PURKIS; BRENT MANGHAM; MARK
     BUTLER; and DOES 1through 30,
17   inclusive,

18                    Defendants.

19

20

21            Attorney John Soldati moves to be relieved as counsel for Plaintiff Chester Mark

22   Somera. Mot. Withdraw ("Mot"), ECF No. 39-1.  All defendants have filed statements of non-

23   opposition.  ECF Nos. 41, 43.  Having determined the matter appropriate for resolution without a

24   hearing, the court now GRANTS the motion.

25            The Local Rules of this District require an attorney who would withdraw and leave

26   his or her client in propria persona to obtain leave of the court upon a noticed motion.  E.D. Cal.

27   L.R. 182(d). The Local Rules also provide that withdrawal is governed by the Rules of

28   Professional Conduct of the State Bar of California.  *Id.*  California Rule of Professional Conduct

1

1    3-700(A)(2) requires an attorney take "reasonable steps to avoid reasonably foreseeable prejudice

2    to the rights of the client, including giving due notice to the client, allowing time for employment

3    of other counsel, complying with rule 3-700(D) [on release of a client's papers and property], and

4    complying with applicable laws and rules."  The Rules do not allow an attorney to withdraw

5    unless, among other reasons, "[t]he client . . . renders it unreasonably difficult for the member to

6    carry out the employment effectively, or . . . breaches an agreement or obligation to the member

7    as to expenses or fees . . . [or] [t]he member believes in good faith, in a proceeding pending

8    before a tribunal, that the tribunal will find the existence of other good cause for withdrawal."

9    Cal. R. Prof. Conduct 3-700(C).

10          The decision to grant or deny a motion to withdraw is within the court's discretion.

11   *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 09-01184, 2011 WL 1087117, at *1 (E.D.

12   Cal. Mar. 24, 2011) (citing *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th

13   Cir. 1982)).  District courts in this circuit have considered several factors when evaluating a

14   motion to withdraw, including the reason for withdrawal, prejudice to the client, prejudice to the

15   other litigants, harm to the administration of justice, and possible delay.  *Deal v. Countrywide*

16   *Home Loans*, No. 09-01643, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010); *CE Resource,*

17   *Inc. v. Magellan Group, LLC*, No. 08-02999, 2009 WL 3367489 at *2 (E.D. Cal. 2009); *Beard v.*

18   *Shuttermart of Cal., Inc.*, No. 07-594, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008).  The

19   correct resolution is the one that is equitable in light of the circumstances of the particular case.

20   *See CE Resources*, 2009 WL 3367489, at *2 ("Ultimately, the court's ruling must involve a

21   balancing of the equities.").

22          Here, Mr. Soldati informed the court Plaintiff Somera ceased communications

23   with counsel, despite myriad attempts on part of counsel to reach out or to maintain contact.

24   Decl. Soldati ¶¶ 8–17, ECF No. 39-2.  This included attempts to contact Mr. Somera's mother as

25   well as leave various text messages and voicemails at Mr. Somera's last known number.  *See id.*

26   The last communication from Mr. Somera was on October 27, 2015.  *Id.* ¶ 14.  As of January 29,

27   2016, Mr. Soldati has not received any contact from Mr. Somera or any attorney purporting to

28   represent him.  Second Decl. Soldati ¶ 6, ECF No. 44.

1  These circumstances justify withdrawal.  Motions to withdraw are commonly

2  granted when a client repeatedly fails to communicate.  *See, e.g., Sanchez v. City of Fresno*, No.

3  13-0291, 2013 WL 5274276, at *2 (E.D. Cal. Sept. 17, 2013) (collecting authority to show "[t]he

4  lack of a cooperative relationship between an attorney and his client may justify the attorney's

5  withdrawal"); *Beard v. Shuttermart of Cal., Inc.*, No. 07-594, 2008 WL 410694, at *2 (S.D. Cal.

6  Feb. 13, 2008) ("A client's repeated failure to communicate with counsel in not responding to

7  phone calls and written communication is sufficient to be considered conduct making it

8  unreasonably difficult for counsel to carry out the litigation.").  Moreover, no other motions are

9  pending, no trial date has been set, and the motion is unopposed.

10  Counsel is instructed to comply with California Rule of Professional Conduct 3-

11  700(D) regarding the release of client's papers and property.  Counsel shall immediately serve a

12  copy of this order on Mr. Somera and file proof of such service on the court's docket; upon filing

13  of proof of service, counsel is RELIEVED.  Plaintiff Somera shall have thirty (30) days from the

14  filing of this order to either hire new counsel or indicate his intent to proceed in propria persona,

15  with either appearance of new counsel or by filing a notice of such intent.

16  IT IS SO ORDERED.

17  DATED:  February 17, 2016.

19  _____

20  UNITED STATES DISTRICT JUDGE

3